UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KELLY SONDEY,

                           Plaintiff,            **REPORT AND**
                                                    **RECOMMENDATION**
        - against -

                                                    08-CV-4856 (FB) (JO)
COMMERCIAL RECOVERY
SYSTEMS, INC.,

                           Defendant.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiff Kelly Sondey ("Sondey"), filed a complaint on December 1, 2008 against defendant Commercial Recovery Systems, Inc. ("Commercial") alleging that Commercial had committed several violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as well as violations of New York statutory law and invasion of privacy under common law. *See* Docket Entry ("DE") 1 (Complaint). Approximately six weeks later, Sondey served process on Commercial; the answer was due no later than February 1, 2009. *See* DE 2. Sondey has done nothing since. Accordingly, on April 2, 2009, I issued the following order:

> No later than May 1, 2009, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendant.

DE 3. Because none of the specified events has occurred, I now respectfully recommend that the court dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, --- F.3d ----, 2009 WL 1119651,

*4 (2d Cir. Apr. 28, 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 2009 WL 1119651, *4 (noting that standard of review is abuse of discretion). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

Because dismissal on such grounds is unquestionably a harsh remedy that should be used only in extreme situations, *Lewis*, 2009 WL 1119651, *4 (internal citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis*, 2009 WL 1119651, at *4 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1

(E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

All five relevant factors weigh in favor of dismissal. First, Sondey has exhibited a "pattern of dilatory conduct" and has allowed her case to lie "dormant with no significant activity" for several months. *See id.* Second, her inaction has continued even in the face of an explicit warning that such behavior could result in the dismissal of her claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants, *see*, *e.g.*, *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.,* 682 F.2d at 43). Fourth, although the case has not cluttered the court's docket for very long, there is no sign that it will move forward in the future; moreover, Sondey's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that Sondey has inexplicably squandered that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Sondey's failure to respond to my order of April 2, 2009.

III.  Recommendation

For the reasons set forth above, I recommend that plaintiff Kelly Sondey's claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.  Objections

I direct the plaintiff to serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service with the court no later than May 12, 2009. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(a), (d). Any objections to this Report and

Recommendation must be filed no later than May 27, 2009. Failure to file objections within that period, absent the entry of an order extending that deadline pursuant to Federal Rule of Civil Procedure 6(b)(1), will waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

    **SO ORDERED.**

Dated: Brooklyn, New York
       May 5, 2009

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge